**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 13 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROBERTO ANTOINE DARDEN,<br><br>Petitioner-Appellant,<br><br>v.<br><br>BARBARA VON BLANCKENSEE,<br><br>Respondent-Appellee. | No. 19-17297<br><br>D.C. No. 4:18-cv-00541-JGZ<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Jennifer G. Zipps, District Judge, Presiding

Submitted May 6, 2020[**]

Before:     BERZON, N.R. SMITH, and MILLER, Circuit Judges.

Federal prisoner Roberto Antoine Darden appeals pro se from the district

court's judgment dismissing his 28 U.S.C. § 2241 petition for a writ of habeas

corpus.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo the

denial of a § 2241 petition, *see Lane v. Swain*, 910 F.3d 1293, 1295 (9th Cir.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).  Accordingly, Darden's
request for oral argument is denied.

2018), *cert. denied*, 140 S. Ct. 60 (2019), and we affirm.

Darden challenges a prison disciplinary proceeding that resulted in disallowance of good conduct time. He contends that he was not provided with sufficient notice of the charges, and that he was denied the opportunity to present exculpatory documentary evidence. However, over a week before his disciplinary hearing, Darden was provided a copy of the incident report and a rights advisement that gave him clarity as to the charge and sufficient opportunity to prepare his defense. *See Wolff v. McDonnell*, 418 U.S. 539, 564 (1974). Further, he did not inform the disciplinary hearing officer ("DHO") that he sought to present any evidence or that he was having difficulty obtaining the documents. On this record, Darden has not shown he was denied due process. *See id*. at 566-67.

Darden next contends that, because he shared his cell with another inmate, there was insufficient evidence that he controlled the locker in which the improvised weapon was found. However, the evidence considered by the DHO, including the report by the searching correctional officer and Darden's statement at the disciplinary hearing that the weapon "didn't look like that," supported the DHO's determination. *See Superintendent v. Hill*, 472 U.S. 445, 455 (1985) (due process is satisfied if "some evidence" supports disciplinary decision).

Darden's motion for appointment of counsel is denied.

**AFFIRMED.**